IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| QUANG DANGTRAN and HA NGUYEN, § § Plaintiffs, § § v. § § THE SECRETARY, UNITED STATES § DEPARTMENT OF HOUSING AND § URBAN DEVELOPMENT, on behalf of § Nicole Williams, § § Defendant. § | CIVIL ACTION NO. 4:23-CV-00020-ALM-AGD |

# REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the court is *pro se* Plaintiffs Quang Dangtran and Ha Nguyen's Motion to Appoint Counsel (Dkt. #5), Defendant Secretary of the United States Department of Housing and Urban Development's Motion to Dismiss for Lack of Jurisdiction (Dkt. #9), and Plaintiffs' Motion to E-File (Dkt. #11). Having reviewed each of the Motions, Plaintiffs' Response to Defendant's Motion (Dkt. #14), and all other relevant pleadings, the court recommends that Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. #9) should be **GRANTED** and that Plaintiffs' Notice of Appeal (Dkt. #1) and Plaintiffs' Complaint (Dkt. #3) should be **DISMISSED WITHOUT PREJUDICE**. The court further recommends that Plaintiffs' Motion to Appoint Counsel (Dkt. #5) and Plaintiffs' Motion to E-File (Dkt. #11) should be **DENIED** as moot.

## BACKGROUND

In June 2019, the Department of Housing and Urban Development, on behalf of Nicole Williams, filed a discrimination claim alleging various violations of the Fair Housing Act ("FHA") against Plaintiffs and HQD Enterprise (Dkt. #3 at p. 4; Dkt. #9 at p. 2). On December 9, 2022, an administrative law judge ("ALJ") found that Plaintiffs were liable for each of the alleged FHA

violations (Dkt. #9, Exhibit A at p. 43–44). Plaintiffs were informed of their right to appeal the decision to the Secretary of Housing and Urban Development and to seek judicial review from the appropriate United States Court of Appeals (Dkt. #9, Exhibit A at p. 44). On January 6, 2023, Plaintiffs' request for a review of the ALJ's decision was denied as untimely (Dkt. #9, Exhibit B at p. 3). Plaintiffs' request for review was due on or before December 24, 2022, but Plaintiffs did not file their request for review until January 2, 2023 (Dkt. #9 at pp. 2–3). Plaintiffs contend their request was not untimely because there were unaccounted-for weekends and holidays in the calculated deadline (Dkt. #1 at p. 2). After being denied a review of the ALJ's decision, Plaintiffs filed with this court a Notice of Appeal on January 9, 2023, (Dkt. #1), and a Complaint on February 21, 2023 (Dkt. #3). The Complaint generally alleges a grievance with the ALJ's decision and requests this court's judicial review of the same (Dkt. #3). On February 21, 2023, Plaintiffs filed their Motion to Appoint Counsel, stating that they had attempted to retain counsel on two separate occasions and that they are unable to afford an attorney (Dkt. #5). Defendant filed its Motion to Dismiss for Lack of Jurisdiction on March 13, 2023 (Dkt. #9). Plaintiffs then filed a Motion to E-File on March 17, 2023 (Dkt. #11). Finally, Plaintiffs filed a response on May 3, 2023, wherein they agree with Defendants that the instant lawsuit was filed in the wrong court, acknowledging that this lawsuit should have been filed with the United States Court of Appeals for the Fifth Circuit (Dkt. #14).

## LEGAL STANDARD

Federal district courts exercise limited subject matter jurisdiction. When a specific basis for subject matter jurisdiction over a claim is absent, a district court has no power to adjudicate the claim. *See Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)) ("A

case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."). Accordingly, Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for the dismissal of claims based on a "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1).  Defendant has moved to dismiss Plaintiffs' lawsuit in its entirety for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1).

## ANALYSIS

In order to adjudicate this matter, this court must have jurisdiction over Plaintiffs' claims. This court, however, does not have subject matter jurisdiction over Plaintiffs' appeal of the ALJ's decision. Judicial review of the ALJ's decision is conferred upon the Fifth Circuit. *See* 42 U.S.C. § 3612. According to the FHA, "any party aggrieved by a final order for relief under this section granting or denying in whole or in part the relief sought may obtain a review of such order under chapter 158 of Title 28." *Id.* at § 3612(i)(1). Chapter 158 of Title 28 states that review of the final order may be conducted by "the Secretary, when the order is under section 812 of the Fair Housing Act." 28 U.S.C. § 2341(3)(D). Judicial review of all final orders under § 812 of the FHA is conferred upon the courts of appeals. *See* 28 U.S.C. §2342(6). As such, it is clear this court does not have jurisdiction to adjudicate the matter brought before it by Plaintiffs. Setting aside any issues of timeliness, Plaintiffs' Notice of Appeal (Dkt. #1) and/or Complaint (Dkt. #3) should have been filed with the United States Court of Appeals for the Fifth Circuit.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. #9) should be **GRANTED** and that Plaintiffs' Notice of Appeal (Dkt. #1) and Plaintiffs' Complaint (Dkt. #3) should be **DISMISSED WITHOUT PREJUDICE**. The court further recommends that Plaintiffs' Motion to Appoint Counsel (Dkt. #5) and Plaintiffs'

Motion to E-File (Dkt. #11) should be **DENIED AS MOOT**. Any request for relief not addressed by this report and recommendation should be denied as **MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 29th day of August, 2023.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE